UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

VANESSA VASQUEZ-ALVAREZ,
on behalf of herself and
all others similarly situated,

        Plaintiff,                           Case No. 21-cv-949

        v.

CB HEALTHCARE MANAGEMENT, LLC

        Defendant

## JOINT MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
## CLASS CERTIFICATION FOR THE PURPOSES OF SETTLEMENT

## INTRODUCTION

Plaintiff, Vanessa Vasquez-Alvarez, on behalf of herself and all others similarly-situated, and Defendant, CB Healthcare Management, LLC, jointly move this Court for preliminary approval of the Parties' settlement of this lawsuit in accordance with the Settlement Agreement and Release.

The Settlement Agreement and Release (ECF No. 24-1, "Agreement"), attached to this Joint Motion as **Exhibit 1**, provides for a total monetary settlement payment of $36,396.35 inclusive of attorneys' fees and costs. The Parties believe that the settlement is fair and reasonable, as it fully and adequately satisfies this Court's criteria for such settlements. As such, the Parties respectfully request that the Court enter an order which:

(1) Preliminarily approves the Agreement attached as **Exhibit 1** to this Joint Motion as fair, reasonable, and adequate;

(2) Certifies, for settlement purposes only, the proposed FED. R. CIV. P. ("Rule") 23 Class ("Rule 23 Class") and Collective pursuant to the Fair Labor Standards Act ("FLSA") section 29 U.S.C. § 216(b) ("FLSA Collective") (together the "Settlement Class");

(3) Appoints Walcheske & Luzi, LLC as counsel for the Settlement Class ("Class Counsel");

(4) Designates Plaintiff, Vanessa Vasquez-Alvarez, as representative of the Settlement Class;

(5) Approves the mailing of notice to members of the Settlement Class in a form substantially similar to the Notice Packet attached as **Exhibit A** to the Agreement;

(6) Establishes deadlines for putative FLSA Collective members to file their "Consent to Join" forms in order to participate in the FLSA Collective;

(7) Establishes deadlines for putative Rule 23 Class members to exclude themselves from the case;

(8) Finds that such notice process satisfies Due Process;

(9) Directs that any member of the Rule 23 Class who has not properly requested exclusion from the Agreement and any member of the FLSA Collective who timely filed their "Consent to Join" form, be bound by the Agreement in the event the Court issues a Final Order Approving Settlement;

(10) Schedules a fairness hearing for final approval of the Settlement Agreement not less than seventy-five (75) days after preliminarily approving the Parties' Settlement Agreement; and

(11) Directs that any member of the Rule 23 Class who wishes to object to the Settlement Agreement in any way must do so per the instructions set forth in the Notice Packet, to wit, within fourteen (14) days prior to the fairness hearing.

## STATEMENT OF FACTS

## I. PROCEDURAL HISTORY

On August 12, 2021, Plaintiff, Vanessa Vasquez-Alvarez, filed her *Complaint* against Defendant, CB Healthcare Management, LLC, on behalf of herself and all other hourly-paid, non-exempt employees of Defendant. (ECF No. 1.) Plaintiff, herself, was an hourly-paid, non-exempt employee of Defendant within the three (3) years preceding the filing of her *Complaint*. Plaintiff alleged violations of the FLSA and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), to wit, Defendant failed to include all non-discretionary forms of monetary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation and compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the non-discretionary remuneration covered. (*See* ECF No. 1.) Thereafter, the Parties engaged in formal and informal written discovery, including review of Defendant's actual timekeeping and pay records in an effort to assess Plaintiff's claims.

## II. SETTLEMENT BACKGROUND

Beginning on January 25, 2022, the Parties began engaging in informal settlement discussion dialogue via their respective counsel. Settlement negotiations began in earnest on February 17, 2022. On April 5, 2022, the Parties reached a settlement agreement in principle. On June 22, 2022, the Parties finalized their Agreement which they now request this Court to approve.

Plaintiff firmly believes in the viability and successfulness of her legal claims and remaining causes of action against Defendant. Conversely, Defendant denies all liability and damages with respect to the causes of action asserted by Plaintiff. To avoid the burden, expense,

and uncertainty of continued litigation, however, the Parties concluded that it was in their best interests to resolve the litigation.

The Parties worked diligently to reduce their Agreement to writing and finalize the other necessary details for the settlement – including the language in the Notice of Class and Collective Action and Proposed Settlement, finalizing an allocation of the settlement funds amongst the members of the Settlement Class, and other documents necessary to memorialize their Agreement filed concurrently herewith.

## III.    THE SETTLEMENT AGREEMENT

The parties' Agreement is attached as **Exhibit 1**, and its terms are summarized below.

### A.    The Rule 23 Class and FLSA Collective

Because Plaintiff brought claims under both the FLSA and WWPCL, the case respectively involves both collective action and class action procedures. Plaintiff's WWPCL claims are governed by class action procedures under Rule 23, while her FLSA claims involve collective action procedures.

For settlement purposes only, the Parties have agreed to certify the following Rule 23 Class pursuant to Rule 23:

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2019 and August 12, 2021, who received non-discretionary remuneration, such as monetary bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours.

("Class Members") (*See* ECF No. 24-1 §§ 1.1, 1.25.)

For settlement purposes only, the Parties have agreed to certify the following FLSA Collective pursuant to 29 U.S.C. § 216(b):

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2018 and August 12, 2021, who received non-discretionary remuneration, such as monetary

4

bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours.

("Collective Members") (*See* ECF No. 24-1 §§ 1.1, 1.2.)

**B.      Summary of Settlement Agreement's Terms**

The general terms of the Settlement Agreement can be summarized as follows:

- There is a Settlement Fund comprised of the amounts set forth therein;

- For settlement purposes only, the Parties agree to stipulate to certify the Rule 23 Class and FLSA Collective; said stipulation has been filed herewith (ECF No. 24);

- Within thirty (30) days of the Court's Final Judgment, payments will be made to the Class Members and Collective Members (*See* ECF No. 24-1 § 2.3);

- If a member of the Rule 23 Class does not exclude him/herself from the settlement in compliance with the exclusion procedures set forth in the Agreement, he or she will be entitled to $18.52.

- If a member of the FLSA Collective files their Opt-In Consent Form in compliance with the procedures set forth in the Agreement, he or she will be entitled to the additional amount $6.17.

- Any of the Settlement Fund that is not paid due to an individual's exclusion from the Settlement Agreement or failure to cash a settlement check within 120 days from the date the check is issued will revert to Defendant (*See* ECF No. 24-1 § 2.4);

- Upon approval by this Court, Plaintiff will receive a service payment in the amount set forth in the Settlement Agreement (*See* ECF No. 24-1 § 3.3);

- Upon approval by this Court, Class Counsel will receive reimbursement for attorneys' fees and costs spent litigating and resolving this matter which the Parties agree are reasonable (*See* ECF No. 24-1 § 3.2(A);

5

- In exchange for the above payments, the Plaintiff and settling Collective Members agree to release and forever discharge Defendant for claims for unpaid overtime, and/or agreed upon wages, including those under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.*, resulting from Defendant's compensation practices between August 12, 2018 through the date of judgment (ECF No. 24-1 §§ 4.1); and

- In exchange for the above payments, the Plaintiff and settling Class Members agree to release and forever discharge Defendant for claims under Wisconsin law for unpaid overtime, and/or agreed upon wages, including those under WIS. STAT. Chapters 103 and 109 and WIS. ADMIN. CODE §§ DWD 272 and 274, resulting from Defendant's compensation practices between August 12, 2019 through the date of judgment. (ECF No. 24-1 § 4.2.)

The Parties believe this Settlement Agreement is fair and was reached at arm's length and in recognition of the risks faced by each of them. The settlement is structured to maximize payment to participating members of the Settlement Class. The Notice Packet proposed by the Parties adequately informs the members of the Settlement Class of their right to participate in the settlement, to exclude themselves from the settlement, and to object to the settlement, as well as the legal implications of these actions. (ECF No. 24-1, Ex. A). Because the settlement is fair and was reached by the Parties at arm's length, the Parties jointly request that the Court grant preliminary approval of the Agreement and allow Class Counsel to mail the Notice Packet attached as Exhibit B to the Agreement.

**ARGUMENT**

**I.      PRELIMINARY APPROVAL OF THE AGREEMENT IS APPROPRIATE**

**A.      The Criteria for Preliminary Approval Has Been Satisfied**

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a FED. R. CIV. P. 23(b)(3) class action may be approved only if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors the courts are to consider are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendant to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

7

### 1.     The proposed Settlement Agreement is fair, reasonable, and adequate

The Settlement Agreement's terms outlined above are fair and reasonable for the Parties. Real disputes exist between the Parties as to whether liability exists in this case and, if liability were proven, the extent of the damages. Specifically, the Parties disagree on Plaintiff's ability to prove liability, the amount of past due overtime wages, whether the violation of the FLSA and WWPCL was willful, and the amount/extent of any award of liquidated damages and/or civil penalties due to the members of the Settlement Class.

The monetary value for each individual member of the Settlement Class was first determined by Plaintiff by estimating the total aggregate amount of unpaid overtime due to the Settlement Class by recalculating unpaid overtime wages for a representative sample of putative Settlement Class members – assuming that the bonus payments alleged were, in fact, non-discretionary in nature – via an approved methodology by the United States Department of Labor, and then extrapolating that data across the Settlement Class. Defendant then cross-checked Plaintiff's recalculation with its own audit with respect to its "Pick up" bonus, "Thanks for Passing Meds" bonus, and "Red Dot" bonus payments.

The Parties agree that the amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' evaluation of Defendant's actual payroll and time records and the risks of continued litigation. Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. The payments to Rule 23 Class members constitute the *pro rata* share of *all* alleged unpaid wages and statutory "liquidated" damages available to the Rule 23 Class, in the aggregate, during the full two (2) year statutory

8

period pursuant to the WWPCL. Further, those Settlement Class members who elect to participate in the FLSA Collective will receive an additional payment which constitutes the difference between their recovery as a Rule 23 Class member as aforesaid and their *pro rata* recovery of the *all* alleged unpaid wages and statutory "liquidated" damages available to the FLSA Collective, in the aggregate, during the two (2) year statutory period under the FLSA. In sum, Settlement Class members who participate in both the Rule 23 Class and FLSA Collective will their *pro rata* share of *all* available monetary damages alleged during the two (2) years immediately preceding the filing of Plaintiff's complaint.

### 2.  **The Agreement was reached through extensive arm's length negotiations**

Despite the Parties' divergent views regarding Plaintiff's assertions in her *Complaint*, they were able to work toward a compromise in this matter and negotiate at arm's length to resolve the claims of Plaintiff and putative class members. The Parties engaged in substantive discussions during the course of the litigation.

### 3.  **The settlement fund provides adequate relief for the Settlement Class and the proposed allocation method equitably divides the settlement funds**

The proposed settlement allocation, as reflected in Settlement Agreement and described herein, is a reasonable recovery in light of the amount of all alleged unpaid overtime wages purportedly due by Defendant to its hourly-paid, non-exempt employees. The settlement allocation has been calculated in the most precise manner possible and was agreed to by Class Counsel.

### 4.  **The requested service payment is reasonable**

The Seventh Circuit recognizes that service payments are appropriate in circumstances such as those presented by this case and look to the following relevant factors: actions the plaintiff took to protect the class's interests; the degree to which the class benefitted from those actions;

9

and the amount of time and effort the plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Settlement Agreement provides that Plaintiff will receive a $2,500.00 service payment in recognition of her efforts in this case, as well as the benefit each class member derived from those efforts. This service payment is fair and reasonable given the efforts undergone and risks assumed by Plaintiff in initiating litigation, as well as securing a recovery which results in a full recovery of alleged unpaid wages. The service payment is reasonable and commensurate with payments approved in other FLSA and WWPCL class actions in Wisconsin's federal district courts. *See, e.g.*, *Wright v. Denali Staffing, LLC*, 20-cv-1185 (December 10, 2021) (Adelman, L.) ($2,500.00); *McDaniel v. The Laureate Group Inc., et al.*, 20-cv-1870, ECF No. 35 (December 3, 2021) (Ludwig, B.) ($2,500.00); *Kelly v. Hudapack Metal Treating, Inc.,*20-cv-130, ECF No. 37 (June 24, 2021) (Ludwig, B.) ($3,000.00); *Hoaglan v. Heritage Senior Living, LLC*, 19-cv-1361, ECF No. 30 (March 19, 2021) (Adelman, L.) ($5,000.00); *Henderson, et. al. v. Russ Darrow Group, Inc.,* 19-cv-1421, ECF No. 51 (E.D. Wis. March 16, 2021) (Stadtmueller, J.) ($5,000.00); *Merschdorf v. D.C. Industries, Inc., et. al.*, Case No. 19-cv-1037, ECF No. 45 (W.D. Wis. March 4, 2021) (Peterson, J.) ($5,000.00); *Henderson v. Automated Pet Care Products, Inc.*, Case No. 19-cv-1640, ECF No. 41 (E.D. Wis. February 9, 2021) (Adelman, L.) ($5,000.00); *Medina v. Automax Financial, LLC*, Case No. 19-cv-1582, ECF No. 41 (E.D. Wis. January 29, 2021) (Stadtmueller, J.) ($7,500.00); *Schmitt v. Color Craft Graphic Arts, LLC*, 19-cv-1705, ECF No. 40 (E.D. Wis., November 13, 2020) (Griesbach, J.) ($2,500.00); *Bills v. TLC Homes, Inc.*, Case No. 19-cv-148, ECF No. 53 (E.D. Wis. October 8, 2020) (Pepper, J.) ($3,500.00); *Clark v. Brunswick Corp.*, No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020) ($2,500.00); *Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019)

(Griesbach, J.) ($2,500.00); *Paswaters v. Krones, Inc.,* 19-cv-993, ECF No. 61 (E.D. Wis. July 12, 2019) (Stadtmueller, J.) ($7,500.00); *Eckstein v. St. Paul Elder Services, Inc*., 19-cv-945, ECF No. 38 (E.D. Wis., June 28, 2019) (Griesbach, J.) ($2,500.00); *Slaaen, et al. v. Senior Lifestyle Corporation, et al*., 18-cv-1562, ECF No. 92 (E.D. Wis. October 3, 2018) (Stadtmueller, J.) ($7,500.00); *Johnson v. National Technologies, Inc.,* No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones J.) ($8,500.00); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.) ($5,000.00); and *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.) ($7,500.00).

Accordingly, the Parties submit that the service payment to Plaintiff is fair and reasonable under the circumstances and request that the Court approve the proposed service payment.

## 5.    The requested attorneys' fees and costs are reasonable

As a result of this litigation and in furtherance of its resolution, Defendant will compensate Class Counsel for Plaintiff's reasonable attorneys' fees and costs spent litigating this matter to date and the anticipated amount of attorneys' fees and costs that will continue to be spent litigating this matter through its ultimate conclusion, *i.e.* $27,500.00. Defendant does not oppose Class Counsel's request in this amount, which was negotiated with counsel for Defendant during settlement negotiations in this matter.

Further, this amount will *not* come from or be taken as a percentage or portion of a common settlement fund for any individuals who have chosen not to participate in the settlement. Defendant will pay this amount directly to Class Counsel, and the parties believe that this is fair, reasonable, and representative of the current actual and further anticipated amount of time and cost that Class

11

Counsel has spent (and will continue to spend) litigating this matter through its ultimate conclusion.

Because this matter does not involve the payment of attorneys' fees and costs as a percentage of a common settlement fund, this Court does not need to apply common fund principles in order to approve Plaintiff's counsel's attorneys' fees and costs. *See, e.g., Florin v. Nations of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994) (stating that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund"); *see also Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, (7th Cir. 2013); *In re Synthroid Mktg. Litig.,* 264 F.3d 712 (7th Cir. 2001) (*"Synthroid I"*); *In re Synthroid Mktg Litig.*, 325 F.3d 974 (7th Cir. 2003) (*"Synthroid II"*).

## II.   BECAUSE THE PUTATIVE RULE 23 CLASS AND FLSA COLLECTIVE SATISFIES THE STANDARDS REQUIRED BY FEDERAL COURTS, THE PARTIES' FED. R. CIV. P. 23 CLASS SHOULD BE CERTIFIED.

### A.   The Putative Rule 23 Class Satisfies the Implicit Standard of Definiteness Required by Courts.

In addition to the standards stated in FED. R. CIV. P. 23(a) and 23(b), federal courts require that the implicit standards for certification be met: (1) the proposed class definition must be definite – that is, ascertainable, precise and objective[1]; and (2) Plaintiff must be a member of the class he or she represents.

The members of the Rule 23 Class and FLSA Collective are definite. The Parties have identified these individuals, have produced discovery and payroll records regarding them, and have reasonably calculated their potential damages. The Rule 23 Class and FLSA Collective definition does not include any subjective criteria. The Rule 23 Class and FLSA Collective includes hourly-paid, non-exempt employees who were subject to Defendant's payroll practices during a specific

---

[1] *Blihovde v., St. Croix*, 219 F.R.D. 617, 614 (W.D. Wis. 2003).

12

period of time. Plaintiff is a member of the class she represents, is a former hourly-paid, non-exempt employee of Defendant, and was subject to the pay practices at issue in the Complaint.

**B. Plaintiff has Satisfied the FED. R. CIV. P. 23(a) Standards of Numerosity, Commonality, and Typicality and, with Her Counsel, Will Fairly and Adequately Protect the Interests of the Rule 23 Class Rule 23 Class and FLSA Collective.**

> **1. The Parties' proposed Rule 23 Class and FLSA Collective satisfies the numerosity requirement of FED. R. CIV. P. 23(a)**

The Seventh Circuit has held that the numerosity requirement of FED. R. CIV. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-4 (7th Cir. 2004). Based on information provided by Defendant, there are two hundred and fifty-nine (259) putative Settlement Class members. It would be administratively untenable to join each individual class member in this action and, therefore, numerosity has been met in this matter. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (citing *1 Newberg on Class Actions 2d*, § 3.05 (1985 ed.)), *see also Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan,* 188 F.3d 895, 897 (7th Cir.1999) (noting that class consisted of class representative "and 35 other[s]"); *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (40 class members is a sufficiently large group to satisfy Rule 23(a)).

> **2. As all of the putative Rule 23 Class and FLSA Collective Members were subject to the same pay practices by Defendant, common questions of law and fact predominate and therefore, satisfy the commonality requirement**

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. FED. R. CIV. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, a "common contention" such that resolving the common issue will resolve all of the included claims in a single stroke. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("What

13

matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that his claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to the Class include whether Defendant's bonuses were, in fact, non-discretionary forms of remuneration and whether such payments were lawfully included in hourly-paid, non-exempt employees' regular rate of pay for overtime compensation purposes in workweeks in which said employees worked in excess of forty (40) hours.

The common questions of law and fact, as alleged in the Complaint, are sufficient to meet the FED. R. CIV. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely Defendant' payroll policies and practices.

### 3. Plaintiff's claims satisfy the typicality requirement as they are legally and factually similar to putative Rule 23 Class and FLSA Collective Members' claims

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or his claims are based on the same legal theory. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based

14

on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the defendant's actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Plaintiff is a member of the Rule 23 Class. The legal theories advanced by Plaintiff - that Defendant failed to correctly calculate her regular rate of pay for overtime compensation purposes – applies equally to Plaintiff and the Class and Collective Members she seeks to represent. Because Plaintiff's claims involve the same legal theories and arise from the same course of conduct that gives rise to the claims of the Rule 23 Class and FLSA Collective Members, the typicality element has been satisfied.

### 4. Plaintiff and Class Counsel will fairly and adequately protect the interests of the Rule 23 Class and FLSA Collective

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Class Counsel; and (2) the adequacy of representation provided in protecting the different, separate and distinct interests of the Rule 23 Class members. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Walcheske & Luzi, LLC seeks to represent the Rule 23 Class and FLSA Collective. Walcheske & Luzi, LLC has regularly served as Class Counsel in cases involving claims similar to Plaintiff's claims *See, e.g., Wright v. Denali Staffing, LLC*, 20-cv-1185 (December 10, 2021) (Adelman, L.); *McDaniel v. The Laureate Group Inc., et al.*, 20-cv-1870, ECF No. 35 (December 3, 2021) (Ludwig, B.); *Kelly v. Hudapack Metal Treating, Inc.,*20-cv-130, ECF No. 37 (June 24, 2021) (Ludwig, B.); *Hoaglan v. Heritage Senior Living, LLC*, 19-cv-1361, ECF No. 30 (March

19, 2021) (Adelman, L.); *Henderson, et. al. v. Russ Darrow Group, Inc.*, 19-cv-1421, ECF No. 51 (E.D. Wis. March 16, 2021) (Stadtmueller, J.); *Henderson v. Automated Pet Care Products, Inc.*, Case No. 19-cv-1640, ECF No. 41 (E.D. Wis. February 9, 2021) (Adelman, L.); *Medina v. Automax Financial, LLC,* Case No. 19-cv-1582, ECF No. 41 (E.D. Wis. January 29, 2021) (Stadtmueller, J.); *Clark v. Brunswick Corp.,* No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020); *Doberstein v. East Wisconsin Savings Bank, No.* 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.); *Paswaters v. Krones, Inc.*, 19-cv-993, ECF No. 61 (E.D. Wis. July 12, 2019) (Stadtmueller, J.); *Eckstein v. St. Paul Elder Services, Inc.*, 19-cv-945, ECF No. 38 (E.D. Wis., June 28, 2019) (Griesbach, J.); *Slaaen, et al. v. Senior Lifestyle Corporation*, et al., 18-cv-1562, ECF No. 92 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Johnson v. National Technologies, Inc.,* No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones J.).

Further, Plaintiff does not have any antagonistic or conflicting interests with the Class Members she seeks to represent. Plaintiff allegedly has been injured by the same conduct as the Class Members she seeks to represent and seeks compensation on her own behalf and on behalf of the Class Members she seeks to represent for those injuries. Plaintiff has thus satisfied the requirements of FED. R. CIV. P. 23(a).

### C. Plaintiff has Satisfied the Fed. R. Civ. P. 23(b) Standards because Common Questions of Law and Fact Predominate Over any Individualized Inquiries and because Judicial Economy is Enhanced by Class Treatment

In addition to meeting the FED. R. CIV. P. 23(a) standards, Plaintiff must satisfy one of the FED. R. CIV. P. 23(b) standards. Where, as is the case in this matter, Plaintiff seeks monetary damages, the inquiry properly focuses on FED. R. CIV. P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under FED. R. CIV. P. 23(b)(3), certification of the class is proper where questions of law or fact common to the entire class predominate over individual claims and a class action is superior

to other methods for fair and efficient adjudication. FED. R. CIV. P. 23(b). The Seventh Circuit has summarized this standard by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for a decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

### 1. Common questions of law or fact predominate

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id*. (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 147 n. 20 (1982)). Further, where a uniform policy is challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id*.

Through this settlement, the Parties have resolved a dispute regarding Defendant's policies and practices regarding its calculation of the regular rate for overtime compensation purposes, which Plaintiff alleges violated the law. Because the practices were uniformly applied to the Rule 23 Class and FLSA Collective members, and because this settlement resolves the Parties' disputes over these practices, common issues predominate in this matter, and the FED. R. CIV. P. 23(b)(3) standards have been met.

### 2. Class resolution is the superior method of resolving these claims

The final FED. R. CIV. P. 23(b)(3) requirement, superiority, also has been met in this case. In evaluating superiority, courts consider: (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same

controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. FED. R. CIV. P. 23(b)(3). Neither Plaintiff nor Defendant are aware of any other pending litigation regarding this controversy.

The desirability of class resolution in this case is readily apparent by the size of the Rule 23 Class and FLSA Collective and the nature of the alleged violation. The challenged policy allegedly harmed each member of the putative class; however, the putative class members' individual interests in prosecuting these claims is small given the relatively modest monetary value of each individual's claim individual adjudication of the claims is practically inefficient and unlikely. To the extent that any member of the Settlement Class would prefer to litigate his/her claim separately, the class mechanism will provide him/her an opportunity to opt out of the Rule 23 Class in order do so.

Because a class is a superior method for resolving this dispute, Plaintiff requests that the Rule 23 Class and FLSA Collective classes be certified.

### D. The Parties' Proposed Notice and Manner of Service are Appropriate

In order to protect the rights of absent members of a settlement class, courts must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1985). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the address and telephone number of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

18

The Notice Packet, attached as Exhibit A to the Parties' Settlement Agreement, meets each of the above criteria. (ECF No. 24-1, Ex. A);

The Parties jointly request that the Court set the following schedule in accordance with the Settlement Agreement:

(a) Within ten (10) days following this Court's Preliminary Approval Order, Defendant will provide Class Counsel with a list of all Settlement Class members' names and last known addresses;

(b) Within seven (7) days following receipt of the class list, Plaintiff's Counsel will mail a copy of the Notice Packet to the Settlement Class members via first-class mail;

(c) Members of the Settlement Class will have thirty (30) days after the initial mailing of the Notice Packet to exclude themselves from the case (the "Notice Period");

(d) Members of the Settlement Class will have thirty (30) days after the initial mailing of the Notice Packets to file their "Consent to Join" form in order to participate in the FLSA Collective;

(e) A direction that any application for a service award or attorneys' fees and costs be filed at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h);

(f) A direction that any objection in support of final approval of the Settlement Agreement or to the application for attorneys' fees be filed at least fourteen (14) days prior to the Fairness Hearing;

(g) A direction that any supplemental briefing in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) days prior to the Fairness Hearing; and

(h) A final hearing on the fairness and reasonableness of the Settlement Agreement, and whether final approval shall be given to it, Class Counsel's request for attorneys' fees and costs, and Plaintiff's service award will be held before this Court on a date most convenient to the Court, but in no case less than seventy-five (75) days after the Court preliminarily approves the Settlement Agreement in order to accommodate the Parties' remaining briefing.

## <u>CONCLUSION</u>

For all the reasons stated above, the Parties respectfully request that the Court enter an order that: (1) preliminarily approves the Settlement Agreement attached as ECF No. 24-1; (2) certifies, for settlement purposes only, the proposed Rule 23 Class and FLSA Collective; (3) appoints Walcheske & Luzi, LLC as Class Counsel; (4) appoints Plaintiff, Vanessa Vasquez-Alvarez, as representative of the Settlement Class; (5) approves the mailing of the Notice Packet to class members in a form substantially similar to Exhibit A to ECF No. 24-1; (6) sets deadlines for members of the Settlement Class to opt out of the case or object to the Settlement Agreement; (7) sets deadlines for members of the Settlement Class to opt in to the FLSA Collective; (8) finds that such Notice process satisfies due process; (9) directs that any member of Rule 23 Class who has not properly requested exclusion and FLSA Collective members who have chosen to participate to the FLSA Collective shall be bound by the Settlement Agreement in the event the Court issues a Final Order Approving Settlement; (10) a direction that any member of the Rule 23 Class or FLSA Collective who wishes to object to the Settlement Agreement in any way must do so per the instructions set forth in the Notice Packet; and (11) schedules a hearing for final approval of the Settlement Agreement.

Dated this 23rd day of June, 2022

**s/ *David M. Potteiger***
James A. Walcheske, SBN 1065635
Scott S. Luzi, SBN 1067405
David M. Potteiger, SBN 1067009

Walcheske & Luzi LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005

Telephone: (262) 780-1953

Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

*Attorneys for Plaintiff*

**s/ *Robert S. Driscoll***
Robert S. Driscoll, SBN 1071461
Shannon M. Toole, SBN 101105010

Reinhart Boerner Van Deuren SC
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Telephone: (414) 298-1000

Email: rdriscoll@reinhartlaw.com
Email: stoole@reinhartlaw.com

*Attorneys for Defendant*