UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

VANESSA VASQUEZ-ALVAREZ,
on behalf of herself and
all others similarly situated,

       Plaintiff,                                  Case No. 21-cv-949

       v.

CB HEALTHCARE MANAGEMENT, LLC

       Defendant

---

## ORDER GRANTING
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
## CERTIFICATION OF A RULE 23 CLASS,
## AND CERTIFICATION OF A COLLECTIVE ACTION

---

       Based on the Parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, as well as the record as a whole,

       IT IS ORDERED THAT:

       1.     Preliminary approval of the Parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") is granted as the Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute.

       2.     The Rule 23 class is certified for settlement purposes pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2019 and August 12, 2021, who received non-discretionary remuneration, such as monetary bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A to the Parties' Settlement Agreement.

3. The Court further certifies this case for settlement purposes as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as follows:

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2018 and August 12, 2021, who received non-discretionary remuneration, such as monetary bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A to the Parties' Settlement Agreement.

4. Vanessa Vasquez-Alvarez shall serve as the representative for the certified FED. R. CIV. P. 23 class and the FLSA Collective.

5. The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the certified FED. R. CIV. P. 23 class and the FLSA Collective.

6. The Court approves the Notice of Class Action and Collective Action and Proposed Settlement (the "Notice Packet") and Opt-In Consent Form attached as Exhibit A to the Settlement Agreement.

7. The Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

8. Each putative Collective Member who wishes to be included in the Settlement Class must opt-in per the instructions set forth in the Notice Packet.

9. Each putative Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice Packet.

10. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound by the Settlement Agreement in the event the Court issues a final order approving the Settlement Agreement.

11. The Court will conduct a Fairness Hearing on September 19, 2022 at 10:00 a.m. to determine whether the Settlement Agreement should be approved as fair, reasonable and adequate and whether the proposed final order approving the Settlement Agreement should be entered.

12. Plaintiff shall apply for attorneys' fees and costs at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h).

13. Any Class or Collective Member who wishes to object in any way to the proposed Settlement Agreement or to the Plaintiff's application for attorneys' fees and costs must file and serve such written objections per the instructions set forth in the Notice Packet no later than fourteen (14) prior to the Fairness Hearing, together with copies of all papers in support of his or

her position. The Court will not consider objections of any Class or Collective Member who has not properly served copies of his or her objections on a timely basis.

Dated at Green Bay, Wisconsin this 5th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge