UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

VANESSA VASQUEZ-ALVAREZ,
on behalf of herself and
all others similarly situated,

      Plaintiff,                                Case No. 21-cv-949

      v.

CB HEALTHCARE MANAGEMENT, LLC

      Defendant

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Vanessa Vasquez-Alvarez, on behalf of herself and all others similarly-situated, and Defendant, CB Healthcare Management, LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 24-1.)

Accordingly, the parties request that the Court:

1. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Vanessa Vasquez-Alvarez as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties; and

1

47907949
Case 1:21-cv-00949-WCG   Filed 08/29/22   Page 1 of 9   Document 27

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On June 23, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 24), and their fully executed "Settlement Agreement and Release." (ECF No. 24-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2018 and August 12, 2021, who received non-discretionary remuneration, such as monetary bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours.

("Collective Members") (*See* ECF No. 24-1 §§ 1.1, 1.25.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant between August 12, 2019 and August 12, 2021, who received non-discretionary remuneration, such as monetary bonuses, incentives, awards, and/or other rewards and payments in workweeks in which they worked in excess of forty (40) hours.

("Class Members") (*See* ECF No. 24-11 §§ 1.1, 1.25.)

On July 5, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 25.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Vanessa Vasquez-Alvarez as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as an exhibit;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class;

The Court has scheduled a Fairness Hearing for Thursday, September 19, 2022 at 10:00 a.m. (ECF No. 24.)

On July 25, 2022, Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 22.) WWPCL Class members had thirty (30) calendar days after July 25, 2022 – or until August 25, 2022 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id*.) By the end of the WWPCL Notice Period, no individuals chose to opt-out of the WWPCL Class. (*Id.*)

In total, there are two hundred and thirty-seven (237) individuals who are WWPCL Class members, including Plaintiff. (*Id*.) There are a total of sixteen (16) individuals who opted-in to the FLSA collective, including Plaintiff. (*Id*.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 30.)

# REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 24-1 § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (Potteiger Decl., ¶ 26.) Settlement Class members will have one hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (ECF No. 24-1 § 2.4.)

# DISCUSSION

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life*

*Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II.  FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 15-19.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 24-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against Defendant under the FLSA and the WWPCL and Defendant's potential exposure. (Potteiger Decl., ¶ 15.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes the

5

47907949

Case 1:21-cv-00949-WCG    Filed 08/29/22    Page 5 of 9    Document 27

potential issues on which she would be required to prevail if the case proceeded to trial, including: establishing that the "Pick-Up" bonuses, "Thanks for Passing Meds" bonuses, and "Red Dot" bonuses were, in fact, non-discretionary in nature and that Defendant had a uniform policy in practice which failed to include said payments in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; establishing that the WWPCL Class and the FLSA Collective actually are similarly-situated to Plaintiff for purposes of final certification; proving that Defendant did not act in good faith; and showing that Defendant willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id.* at ¶ 19.)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id.*)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant further discovery immediately before settlement including depositions and engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. Even if Plaintiff were to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id.*)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. The monetary value for each individual member of the Settlement Class was

6

47907949

Case 1:21-cv-00949-WCG    Filed 08/29/22    Page 6 of 9    Document 27

calculated by recalculating the putative Settlement Class Members' aggregate unpaid wages within the respective two (2) and three (3) year statutory period. (*Id*. at ¶ 17.)

Specifically, Plaintiff's counsel reviewed a representative sample of Settlement Class Members' timekeeping and payroll data and calculated their unpaid overtime compensation assuming that "Pick-Up" bonus, "Thanks for Passing Meds" bonus, and "Red Dot" bonus payments were, in fact, non-discretionary via an approved methodology by the United States Department of Labor. (*Id*.) Plaintiff's counsel then extrapolated the aggregate amount of unpaid overtime wages for the Settlement Class members. (*Id.*)

The Parties agree that these overtime amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' evaluation of Defendant's payroll and time records and the risks of continued litigation. (*Id*. at ¶ 18.) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. The payments constitute all alleged unpaid wages and statutory liquidated damages during the full two (2) year statutory period pursuant to the WWPCL. (*Id*. at ¶ 17.) Further, those Settlement Class members who elected to participate in the FLSA Collective will receive all alleged unpaid wages and statutory liquidated damages during the two (2) year statutory period pursuant under the FLSA. (*Id*.)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 30.)

## III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 28) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 29) contemporaneously herewith, and Defendant has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 24-1 §§ 3.2(A) and 3.3(A).)

## **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Vanessa Vasquez-Alvarez as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of this Order;

9. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

11. Grant Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs and expenses in the amount of $27,500.00, which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiff's unopposed request for approval her service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable.

Dated this 29th day of August, 2022

| | |
|---|---|
| **s/** *David M. Potteiger* | **s/** *Robert S. Driscoll* |
| James A. Walcheske, SBN 1065635 | Robert S. Driscoll, SBN 1071461 |
| Scott S. Luzi, SBN 1067405 | Shannon M. Toole, SBN 101105010 |
| David M. Potteiger, SBN 1067009 | |
| | |
| Walcheske & Luzi LLC | Reinhart Boerner Van Deuren SC |
| 235 North Executive Drive, Suite 240 | 1000 North Water Street, Suite 1700 |
| Brookfield, Wisconsin 53005 | Milwaukee, WI 53202 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 298-1000 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: rdriscoll@reinhartlaw.com |
| Email: sluzi@walcheskeluzi.com | Email: stoole@reinhartlaw.com |
| Email: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |